**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DONALD ALVIN WOMACK, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-4045-SAC |
| ) | |
| SHAWNEE COUNTY DISTRICT ) | |
| ATTORNEY'S OFFICE, ) | |
| and UNITED STATES ATTORNEY ) | |
| JARED MAAG, ) | |
| ) | |
| Defendants. ) | |

## REPORT & RECOMMENDATIONS

Plaintiff Donald Alvin Womack, Jr., proceeding *pro se* and *in forma pauperis*, has filed the above-captioned action against Defendants the Shawnee County District Attorney's Office and United States Attorney Jared Maag. When a plaintiff proceeds *in forma pauperis*, the court may review the complaint under 28 U.S.C. 1915(e)(2). That section authorizes the court to dismiss the case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] In this case, the magistrate judge recommends the district judge dismiss this action without prejudice for failure to state a claim upon which relief may be granted and because plaintiff is seeking relief from a defendant who would be immune from such relief.

Mr. Womack has used a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983. The complaint characterizes plaintiff's claim as "kidnapping."[2] Plaintiff alleges that the

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[2] Compl. at 4, ECF No. 1.

Shawnee County District Attorney's Office charged him with aggravated robbery and kidnapping in January 2016. According to the complaint, the charges were dismissed when Mr. Womack was charged federally with carjacking in February 2016. Indeed, in *United States v. Donald Alvin Womack, Jr.*, 16-40014-DDC, Mr. Womack was indicted on a charge of carjacking in violation of 18 U.S.C. §§ 2119 and 2. The complaint alleges that in July 2016, Mr. Maag informed Mr. Womack's criminal defense attorney that the federal indictment would be dismissed but that Mr. Womack remained in custody until August 11, 2016, "while they waited to see if Shawnee County wanted to charge me again, which they did with the same charges they dismissed in Jan. '16."[3]

The court uses the Fed. R. Civ. P. 12(b)(6) motion-to-dismiss standard to determine whether dismissal under Section 1915(e)(2)(B)(ii) is appropriate.[4] The court liberally construes *pro se* parties' pleadings and will accept as true all well-pleaded facts, drawing all reasonable inferences in the plaintiff's favor.[5] However, the plaintiff still bears the burden of alleging sufficient facts upon which a recognized legal claim could be based. The court cannot assume the responsibility of serving as plaintiff's attorney in constructing arguments or scouring the record for a possible cause of action.[6] The plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[7] Dismissal is appropriate when the

---

[3] Compl. at 2, ECF No. 1.

[4] *Washington v. Washington*, No. 14-1215-EFM-KGG, 2014 WL 4059788, at *3 (D. Kan. Aug. 15, 2015).

[5] *Id.* at *3.

[6] *Yarbury v. Martin, Pringle, Oliver, Wallace, & Bauer LLP*, No. 15-1171-MLB, 2015 WL 5032510, at *2 (D. Kan. Aug. 11, 2015) (quoting *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011)) (internal quotations omitted).

[7] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

plaintiff cannot prevail on the facts alleged, and it would be futile to give the plaintiff an opportunity to amend.[8]

Broadly construing Mr. Womack's "kidnapping" claim, it appears Mr. Womack asserts that his Fourth Amendment rights were violated during the one-month period of incarceration after Mr. Maag allegedly informed Mr. Womack's attorney that he was waiting to see if the Shawnee County District Attorney's Office would charge Mr. Womack again before seeking dismissal of the federal indictment. The Fourth Amendment protects against unreasonable searches and seizures by government actors and generally applies to claims of wrongful detention.[9] Mr. Womack's claims stem from his detention in federal custody. Because the Shawnee County District Attorney's office did not "seize" plaintiff within the meaning of the Fourth Amendment during the period giving rise to the claim, plaintiff does not state a claim against this defendant. Additionally, sub-governmental entities like district attorneys' offices are generally not capable of being sued.[10]

Mr. Womack also fails to state a claim against Mr. Maag. Mr. Womack has used a form

---

[8] *Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

[9] *See Manuel v. City of Joliet, Illinois*, --- U.S. ---, 137 S. Ct. 911, 917 (2017) ("The Fourth Amendment, we began, establishes the minimum constitutional 'standards and procedures' not just for arrest but also for ensuing 'detention.'").

[10] *See Goings v. Sumner Cty. Dist. Attorney's Office,* No. 13-1107-RDR, 2013 WL 6440267, at *2 (D. Kan. Dec. 9, 2013) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.1985) ("The 'City of Denver Police Department' is not a separate suable entity"); *Fugate v. Unified Gov't of Wyandotte Cty./Kansas City*, 161 F. Supp. 2d 1261, 1266–67 (D. Kan. 2001) (determining that the Wyandotte County District Attorney's Office was not an entity capable of being sued); *Whayne v. State of Kansas*, 980 F. Supp. 387, 392 (D. Kan. 1997) (finding that the "Shawnee County Prosecuting Attorneys" was not a recognized entity capable of being sued)).

§ 1983 complaint. However, to state a § 1983 claim, a plaintiff must allege a violation of Constitutional rights by a person acting under the color of state law.[11] Although Mr. Womack has checked the box on the form complaint indicating that Mr. Maag was acting under the color of state law, the complaint is void of any factual allegations supporting this assertion. Rather, Mr. Maag, a federal prosecutor, would have been acting under the color of federal authority when he served as the prosecuting attorney on Mr. Womack's federal criminal case.[12] *Bivens v. Six Unknown Named Agents*[13] has been interpreted to create a cause of action against federal actors similar to § 1983 claims against state actors. Even liberally construing Mr. Womack's complaint as asserting a *Bivens* claim, the complaint still does not state a claim for a Fourth Amendment violation. Pretrial detention constitutes a seizure.[14] The seizure is reasonable if the criminal charges are supported by probable cause.[15] In this case, the complaint fails to allege that the federal criminal charge was not supported by probable cause. In fact, the court takes judicial notice that Mr. Womack was indicted by a grand jury, which requires a finding by the grand jury that probable cause existed.[16] Because plaintiff's seizure was reasonable, Mr. Maag did not violate Mr. Womack's Fourth Amendment rights.

---

[11] *West v. Atkins*, 487 U.S. 42, 48-49 (1988)

[12] *See generally, Behhomme v. Windnall*, 127 F.3d. 1214, 1217 (1997) (stating that § 1983 applies to state and local entities and not to federal government officials).

[13] 403 U.S. 388 (1971).

[14] *Manuel*, 137 S. Ct. at 917.

[15] *Id.* at 917-18.

[16] *See Neighbors v. Kansas*, No. 16-4023-DDC, 2017 WL 402167, at *2 (D. Kan. Jan. 30, 2017) (citing *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record.")); *United States v. Womack*, 16-40014-DDC, Indictment, ECF No. 1.

Mr. Womack's complaint does not specify what relief Mr. Womack seeks or whether Mr. Maag is being sued in his individual or official capacity. Regardless, Mr. Maag is almost certainly immune from suit. Prosecutorial immunity shields prosecutors from liability in initiating or presenting the government's case against a criminal defendant.[17] It extends to "questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present."[18] The timing of Mr. Maag's motion to dismiss a charge supported by probable cause falls within these categories, and therefore, he would be entitled to prosecutorial immunity. Additionally, suits against a federal-government official acting in his official-capacity are suits against the United States.[19] Sovereign immunity bars suits against the United States unless it has waived immunity,[20] and the United States has not waived immunity in *Bivens* actions.[21] Therefore, plaintiff's claim against Mr. Maag in his official capacity would also be barred.

For these reasons, the magistrate judge recommends the district judge dismiss this action because plaintiff's complaint fails to state a claim for which relief may be granted and because plaintiff is seeking relief from a defendant who is immune from such relief. Pursuant to 28 U.S.C.§ 636(b)(1) and Fed. R. Civ. P. 72, plaintiff shall have fourteen (14) days after service of a

---

[17] *Tripati v. INS*, 784 F.2d 345, 346-47 (10th Cir. 1986); *Hartman v. Moore*, 547 U.S. 250, 261–62 (2006) (noting that absolute prosecutorial immunity protects federal prosecutors facing *Bivens* actions).

[18] *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976)

[19] *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).

[20] *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989).

[21] *Fay v. United States*, 389 F. App'x. 802, 803-04 (10th Cir. 2010).

copy of this Report and Recommendation to file any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**IT IS SO ORDERED.**

Dated June 19, 2018, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge